STATE OF MISSOURI ex rel. W. C. BOWMAN, Judge of the County Court of Scott County, Relator, v. AMOS L. DRURY, Respondent.

**Springfield Court of Appeals, July 10, 1914.**

MANDAMUS: County Officers: Auditing Books: Right to Possession of Books. Mandamus denied a judge of the county court to compel the delivery of the county treasurer's books for inspection as provided by section 3768, R. S. 1909, where such books had been audited by the State Auditor and no beneficial results could accrue to the county or relator from such inspection, and where it does not appear that the relator was' denied the right claimed after the State Auditor had completed his work and no demand for the books after that time was shown.

MANDAMUS.

PEREMPTORY WRIT DENIED.

*James A. Finch* and *R. E. Bailey* for relator.

*Arthur L. Oliver* and *Ernest A. Green* for respondent.

ROBERTSON, P. J.—This is a similar case to that of State ex rel. v. Buck, in which an opinion has this day been filed, except that in this case the relator, as one of the judges of the county court of Scott county, claims the right to a mandamus to require respondent, as county treasurer, to deliver over his books for relator's inspection by reason of section 3768, Revised Statutes of 1909, which is as follows: "He shall make duplicate receipts in favor of the proper person, for all moneys paid into the treasury, and keep the books, papers and moneys pertaining to his office at all times ready for the inspection of the court, or any judge thereof."

The facts are the same in this as in the *Buck case* relative to the action of the State auditor and his possession of the books; the only difference being that the relator demanded the books as an individual judge for the purpose, as he now claims, of such an inspection as he had a right to make under said section, but possession of the books was desired for the purpose of delivering to the special accountant for audit covering the period of ten years.

Eliminating all statutory construction in this case, as we did in the *Buck case,* we have a controversy wherein a county officer claims the right to deprive another officer of the right to discharge his duties prescribed by law under circumstances from which no beneficial results could accrue to the relator or any advantage to the county if he should prevail. Neither is it apparent that the relator was forever, or at all after the State auditor completed his work, denied the right claimed by him.

The reasons advanced for refusing the relief sought in the *Buck case* are applicable and adopted here. The peremptory writ is denied at the cost of the relator. *Sturgis* and *Farrington, JJ.,* concur.